IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. MARCUS, | No. C 10-03805 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| D. G. ADAMS, et al., | |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff states that he did not file an administrative appeal to the highest level of review available to him. Consequently, this case is DISMISSED without prejudice for failure to exhaust administrative remedies.

**DISCUSSION**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.10\Marcus03805_dis-exh.wpd           1

discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile. The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Ngo, 548 U.S. at 93.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the

1  prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at
2  1120.
3        Here, Plaintiff concedes in his complaint that he has not appealed to the highest
4  level of appeal available to him. (Compl. at 2.) He states that the reason he did not
5  present his claims through the grievance procedure is that the "officials prevented the
6  appeal from ever getting processed, and may have destroyed the appeal" and that
7  "exhaustion attempt was made and futile." (Id.) However, Plaintiff's conclusory
8  declaration that exhaustion is futile does not excuse him from the PLRA's requirement of
9  "proper exhaustion" under Ngo: "Proper exhaustion demands compliance with an
10 agency's deadlines and other critical procedural rules because no adjudicative system can
11 function effectively without imposing some orderly structure on the course of its
12 proceedings." 548 U.S. at 90-91 (footnote omitted). As it is clear from the complaint that
13 Plaintiff has not "properly exhausted" his claims by pursuing all levels of administrative
14 review available to him, and there is no applicable exception to the exhaustion
15 requirement, dismissal without prejudice is appropriate.
16       Accordingly, the above-titled action is hereby DISMISSED, without prejudice to
17 Plaintiff's refiling his claim after all available administrative remedies have been
18 exhausted.
19       IT IS SO ORDERED.
20 DATED: 1/18/11

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.10\Marcus03805_dis-exh.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AARON D MARCUS,

        Plaintiff,

  v.

D.G. ADAMS, et al.,

        Defendants.

Case Number: CV10-03805 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  1/31/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron D. Marcus K-53046
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated:  1/31/11

                              Richard W. Wieking, Clerk